UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS HILINSKI | : | Civil Action No. 05-3843 |
| | : | |
| | | Hon. Jose L. Linares, U.S.D.J. |
| Plaintiff(s), | : | |
| | | |
| vs. | : | **REPORT& RECOMMENDATION** |
| | | |
| GORDON TERMINAL SERVICE COMPANY OF NEW JERSEY, INC., A CORPORATION. | : | |
| | | |
| Defendant(s). | : | |

## INTRODUCTION

This matter comes before me on the motion of defendant Gordon Terminal Service Company of New Jersey, Inc. ("Gordon Terminal"), for judgement on the pleadings pursuant to Rule 12(c). Plaintiff Thomas Hilinski opposes the motion. The matter has been referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

On September 27, 2004, Gordon Terminal terminated Hilinski for excessive unexcused absenteeism after fifteen (15) years of employment as a Bulk Loader. Pursuant to a Collective Bargaining Agreement ("CBA") between Drivers Local 641 ("Union"), of which Hilinski is a member, and Gordon Terminal, the parties submitted Hilinski's termination to arbitration. On March 21, 2005, Opinion and Award was issued in favor of Gordon Terminal. The arbitrator found Hilinski's unexcused absences to be in violation of the Gordon Terminal's policy and that

his termination justifiable and in accordance with the CBA.

Hilinski does not assert any basis for vacating the arbitration award. He argues that the action *sub judice* is based on claims distinct from those addressed by the arbitrator. Gordon Terminal maintains that because Hilinski, with the assistance of the Union counsel, had voluntarily, fully and vigorously participated in the arbitration, Hilinski should not be allowed to relitigate any arbitrated claims or to assert any new claims which were not presented to the arbitrator.

## ANALYSIS

### I.   Applicable Standard of Review

Rule 12(c) provides that after the pleadings are closed any party may move for judgment on the pleadings. However, "if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 12(c).

Gordon Terminal argues that because Hilinski was on notice of all the documents and papers associated with this motion through and by his participation in the arbitration proceedings, the motion should be treated in a similar manner to that under Rule 12(b)(6) and not be converted into one of summary judgment. However, Gordon Terminal does not cite any authority on point. In Phil Singer Associates v. Philips Oral HealthCare, Inc., 2003 WL 23208271 (D.N.J. Dec 13, 2003), the court converted the defendant's motion to dismiss into one for summary judgment stating "[a]lthough Philips has framed its arbitration petition as a motion to dismiss, the proper standard of review for such petition is the summary judgment standard." See Berkery v. Cross Country Bank, et al., 256 F. Supp.2d 359, 364 n.3 (E.D.Pa. 2003). As the language of Rule 12(c)

is clear on its face and as I have considered the documents submitted in support of the motion that are not part of the pleadings, I will treat the pending motion as one for summary judgment.

Rule 56(c) provides for summary dismissal when no genuine issue as to any material fact exists and the weight of the evidence supports the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Orson, Inc. V. Mirimax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  Once the moving party has satisfied its initial burden, the party opposing the motion must come forward with evidence to show that a genuine dispute as to a material fact does in fact exist.  Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and must instead present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986); Seigel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130 (3d Cir. 1995); Sound Ship Bldg. Corp. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976).  Additionally, when analyzing and drawing inferences from the facts presented, the court must construe all reasonable inferences in favor of the non-moving party.  Luden's, Inc. v. Local Union No 6 of Bakery, Confectionary & Tobacco Worker's Int'l Union of Am., 28 F.3d 347, 353 (3d Cir. 1994); Versage v. Twp. of Clinton, N.J., 984 F.2d 1359 (3d Cir. 1993).  Summary judgment is appropriate to vacate an arbitration award.  Stroehmann Bakeries v. Local 776, 969 F.2d 1436, 1440 (3d Cir. 1992).

II.     Review of Arbitration Awards

The Federal Arbitration Act ("FAA") allows the enforcement of arbitration agreements in

the employment context. Gilmer v. Interstate/ Johnson Lane Corp., 500 U.S. 20, 26 (1991); Spinneti v. Serv. Corp. Int'l, 324 F.3d 212 (3d Cir. 2003). State contract law applies to determine whether the parties have agreed to arbitrate. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Spinneti, 324 F.3d at 214; Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002). The New Jersey Supreme Court held that "parties to an agreement may waive statutory remedies in favor of arbitration." Garfinkel v. Morristown Obstetrics & Gynocology Assoc., P.A., 168 N.J. 124, 131 (2001).

Additionally, "[u]nder federal labor law, aggrieved employees must exhaust their CBA's grievance and arbitration procedures before filing a complaint in federal court." Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1537 (3d Cir. 1992). In Clayton v. Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of America, 451 U.S. 679 (1981), the Supreme Court held that "[a]n employee seeking a remedy for an alleged breach of the [CBA] between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under 301(a) of the Albor Management Relations Act." Clayton, 451 U.S. 679, 681.

Here, the CBA provides that any unresolved disputes arising between Gordon Terminal and Union members must be submitted to arbitration including those pertaining to unexcused absences. Hilinski does not dispute the validity of the CBA. He argues that his claims fall within the purview of the federal and New Jersey Family Medical Leave Acts (collectively "FMLA') as well as the New Jersey Law Against Discrimination ("NJLAD"). He contends that because the issues presented here has not been arbitrated, he should be allowed to litigate those here.

Hilinski's termination was directly related to his unexcused absences.  Although he frames his argument in terms of FMLA and NJLAD violations, his termination was the subject of the arbitration proceedings in which he voluntarily participated.  Despite the assistance of counsel provided by the Union, Hilinski failed to present those arguments to the arbitrator.  Hilinski's post arbitration submissions also failed to assert those arguments.  The record is devoid of any justification why Hilinski failed to bring those arguments before Restaino.  Additionally, Hilinski does not assert bad faith representation on the part of the Union.

Hilinski, through his Union, waived any statutory rights concerning excessive absenteeism in favor of arbitration under the CBA.  Notwithstanding that the validity of the CBA is not in dispute, the FAA "requires the court to engage in a limited review to ensure that the dispute is arbitrable-i.e., that a valid agreement to arbitrate exists between the parties and the specific dispute falls within the substantive scope of that agreement."  Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (*per curiam*) ("judicial review of a labor-arbitration pursuant to a [collective bargaining] agreement is very limited); Painewebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990).  In determining whether the parties agreed to arbitrate, this Court is guided by the New Jersey Supreme Court decision in Leodori v. CIGNA Corp., 175 N.J. 293 (2003).  There are two factors to consider: (1) whether the waiver provision shows a clear intent to arbitrate and (2) whether the plaintiff agreed to the provision.  Sarbak v. Citigroup Global Markets, Inc., 354 F. Supp.2d 531,537 (D.N.J. 2004); Leordi, 175 N.J. at 293.  Because the Union, of which Hilinski is a member, consented to the terms of the CBA which specifically requires arbitration of any disputes regarding employee absenteeism, these two factors have been satisfied.

Consistent with the strong federal policy favoring arbitration agreements, the CBA must, accordingly, be enforced.  See Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Nat'l Assoc. Of Letter Carriers, AFL-CIO v. United States Postal Serv., 272 F.3d 182, 185 (3d Cir. 2001).  In Sarbak v. Citigroup Global Markets, Inc., 354 F. Supp.2d 531,537 (D.N.J. 2004),  Judge Linares stated that, "[a]n agreement to arbitrate statutory employment claims is binding on the employee when he or she has knowingly waived the right to a court hearing and has clearly agreed to the terms of the agreement."

There is no dispute as to any material fact.  The issues presented by Hilinski fall within the purview of the CBA arbitration clause.  Hilinski's unexcused absences have been the subject of arbitration resulting in an award in favor of Gordon Terminal.   Hilinski's failure to make the present arguments before the arbitrator is of no moment since he effectively waived his statutory rights under the CBA absenteeism policy.  The validity of the award is not in dispute and the Opinion and Award should not be disturbed.

## CONCLUSION

For the reasons set forth above, I recommend that the motion be GRANTED and this action be DISMISSED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties shall have ten (10) days from receipt of this Report and Recommendation to file and serve objections thereto.

s/ Ronald J. Hedges<br>United States Magistrate Judge

cc:     Hon. Jose L. Linares, U.S.D.J.